## LOUIS H. PIGNOLET v. JULES DAVEAU.

A summons is irregular which, at the time of service, is unaccompanied by a complaint, and does not state where the complaint is or will be filed.

When a defendant has appeared in the action, a notice of discontinuance is inoperative, unless accompanied by payment of costs.

AT SPECIAL TERM, *March* 26, 1860.

Motion to set aside a summons. It appeared that the summons served upon the defendant was in the ordinary form for a money demand on contract, and required the defendant " to answer the complaint in this action, a copy of which is herewith served upon you," &c., or if he failed to answer, the plaintiff would take judgment for an amount specified, with interest. No complaint having been served with the summons, the defendant's attorney addressed to the plaintiff the following notice or letter:

N. Y. COMMON PLEAS.—<i>Pignolet</i> v. <i>Daveau.</i>

New York, Oct. 18, 1859.

*Sir*—The summons, as served upon defendant in above cause, is irregular. I presume you intended to serve a summons in accordance with section 180 of the Code, as you served no complaint at the time you served the summons. I do not desire, however, to take advantage of your error, but, as the defendant's attorney, will accept service of a complaint now. You must, however, serve a copy complaint forthwith on me, at my office, 167 Broadway, N. Y. Yours, &c.,

HENRY H. MORANGE, <i>Def't's Att'y.</i>

To LOUIS H. PIGNOLET, Esq., *Plff. in person.*

On the 20th October the plaintiff sent to Mr. Morange and re-

quested him to sign a written demand that a copy of the complaint should be served upon him, as the attorney of the defendant, and also a formal notice of retainer and appearance, saying, if he would do so, that a copy of the complaint then produced would be served upon him. On this being refused, he was told that the plaintiff did not consider the letter of the 18th a sufficient retainer or appearance, and thereupon he was served with the following notice:

*Sir*—You will please disregard the summons served on Jules Daveau, on the 13th of October, at my suit, and return the said summons to me. LOUIS H. PIGNOLET.

Dated October 20, 1859.

The defendant, under these circumstances, moved to set aside the summons for irregularity.

*Henry H. Morange*, for the motion.

*William F. Howe*, opposed.

DALY, First Judge.—The summons was irregular. It was not accompanied by the service of a copy of the complaint, and did not state that the complaint was, or when it would be, filed. The letter of Morange was a notice of appearance. *Baxter* v. *Arnold*, 9 How. 445; *Quick* v. *Merrill*, 3 Cai. 133. It was signed by him as the defendant's attorney, and informed the plaintiff's attorney that he, Morange, would waive the irregularity in the summons, and accept, as the defendant's attorney, the service of a copy of the complaint. The proper course for the plaintiff's attorney, then, was to serve a copy of the complaint upon Morange, and upon such service being made, the defendant would have been precluded from taking any advantage of the defect in the summons. This the plaintiff's attorney did not do, but offered to serve a copy of the complaint upon Morange if he would sign a formal notice of retainer by and appearance for the

defendant, together with a written demand that a copy of the complaint should be served upon him, as the defendant's attorney. This Morange refused to do; and certainly this one formality was unnecessary, as Morange had already given notice of appearance, and demanded, in writing, a copy of the complaint. Upon this refusal the plaintiff's attorney served a notice upon Morange, requiring him to disregard the summons served upon the defendant. This was, in effect, a notice of the discontinuance of the suit, which was inoperative without the payment of costs, as the defendant had appeared by attorney. *McKenster* v. *Van Zandt*, 1 Wend. 13. The defendant's attorney now moves to set the summons aside for the irregularity.

Motion granted, with costs.